UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

TAX GROUP CENTER, INC., STACY NICOLE
BRANDON, and ANI LABAYAN,

*Defendants*.

---

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises out of telephone calls in which a prerecorded message was played upon the answering of the calls. The calls were made by, on behalf of, or with the authorization of Tax Group Center, Inc., Stacy Nicole Brandon, and Ani Labayan.

2. The legal claims arise under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

3. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described in paragraph "1" and further described below, were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

4. Plaintiff also brings this action individually and as a class action on behalf of all persons who received one or more telephone calls, described in paragraph "1" and further described

1

below, on a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Class Members, statutory damages, injunctive relief, and costs.

6. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Sections 1332(d)(2)(A) and 1367(a).

8. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

10. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

11. Defendant Tax Group Center, Inc. ("Tax Group Center"), is a corporation organized and existing under the laws of California, and has a principal place of business at 5010 Parkway Calabasas, Suite 110, Calabasas, California 91302.

12. Defendant Stacy Nicole Brandon ("Brandon") is a principal of Tax Group Center.

13. Defendant Ani Labayan ("Labayan") is a principal of Tax Group Center.

## FACTS

14. On or about March 21, 2016, Bank received, on his residential telephone line, a telephone call whose Caller ID was "610-880-3007-8719; Avondale, PA" ("Bank's Telephone Call").

15. Upon Bank's answering of Bank's Telephone Call, a prerecorded voice stated as follows:

> Hi, this is Sarah, and I'm calling to talk to you about your current IRS back tax debt. President Obama and the federal government, as you know, have told the IRS to work with the citizens of the United States to lower or even eliminate your back tax debt. We are calling from the tax renegotiation center to lower or even eliminate your IRS back tax debt. We can put a stop to liens, bank levies, and wage garnishments within minutes. To cut your tax debt in half, or have it eliminated, press one. To be removed, please press seven.

16. Because Bank's Telephone Call began by playing a prerecorded message, Bank's Telephone Call was a "Robocall."

17. Bank, upon being given the options described in paragraph "15" (the "Keypad Options"), chose the first of the described options (the "First Keypad Option"), upon which he was transferred to a live person (the "Live Person").

18. During the conversation that followed Bank's choosing of the First Keypad Option (the "Live Conversation"), the Live Person identified himself as "David Cruz" and as an employee of Tax Group Center.

19. At all relevant times, the Live Person was an employee of Tax Group Center.

20. The Live Person attempted to sell, during the Live Conversation, tax-debt-reduction services to Bank.

21. The Live Person told Bank that Bank's Telephone Call was one of numerous calls, made to other recipients, that had played a prerecorded message that was the same as, or substantially

3

similar to, the prerecorded message that was played when Bank answered Bank's Telephone Call.

22. Upon information and belief, Bank's Telephone Call was made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

23. Bank's Telephone Call did not state, at the beginning of the calls, the name of the person or on whose behalf the message was being transmitted.

24. Bank's Telephone Call did not state, at the end of the message, the address and telephone number of the person on whose behalf the message was transmitted.

25. Bank's Telephone Call was among thousands of telephone calls that, upon being answered by either a live person or an answering device, played a prerecord message that was the same as, or substantially similar to, the prerecorded messages that was played upon the answering of Bank's Telephone Call (the "Class Robocalls").

26. Bank's Telephone Call was made without prior express written consent.

27. The Class Robocalls were made without prior express written consent.

28. At all relevant times herein, Brandon has set Tax Group Center's policies and controlled Tax Group Center's day-to-day operations.

29. At all relevant times herein, Brandon has directly and personally arranged, or authorized others to arrange, the transmission of the aforementioned Robocalls.

30. At all relevant times herein, Brandon has had actual or constructive knowledge that Tax Group Center was violating the TCPA, but continued to direct Tax Group Center to engage in further violations of the TCPA.

31. At all relevant times herein, Labayan has set Tax Group Center's policies and

controlled Tax Group Center's day-to-day operations.

32.     At all relevant times herein, Labayan has directly and personally arranged, or authorized others to arrange, the transmission of the aforementioned Robocalls.

33.     At all relevant times herein, Labayan has had actual or constructive knowledge that Tax Group Center was violating the TCPA, but continued to direct Tax Group Center to engage in further violations of the TCPA.

## APPLICABLE LAW

A.     **Regulation of Certain Calls to Residential and Cellular Telephone Numbers**

    **(i)     Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

34.     With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

35.     With respect to telephone numbers assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

36.     Recipients of calls that are made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

### (ii) Liability of Entities That Do Not Directly Place Illegal Calls

37. As explained by the Federal Communications Commission ("FCC"), the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005) ("a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."); *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013) (with respect to violations of Section 227(b), a seller can be vicariously liable for unlawful calls placed by third parties). *Accord*, *Savanna Group., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013); *Mey v. Monitronics Int'l, Inc.*, 11-cv-90, 2013 WL 4105430, at *4-*5 (N.D. W. Va. Aug. 14, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. 2012).

### B. New York General Business Law Section 399-p

38. New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

39. Persons whose rights under GBL Section 399-p are violated are entitled, pursuant to

6

GBL Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

### FIRST CAUSE OF ACTION

40. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "33" inclusive of this Complaint as if fully set forth herein.

41. The placement of the telephone calls described herein violated 47 U.S.C. Section 227(b)(1).

42. Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

43. In the event that Defendants willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

44. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. Section 227(b)(1).

### SECOND CAUSE OF ACTION

45. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "33" inclusive of this Complaint as if fully set forth herein.

46. The placement of the telephone calls described herein violated GBL Section 399-p(3)(a).

47. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

48. Bank and the other Members of the New York Class are entitled to an Order, pursuant

to GBL Section 399-p(9), enjoining Defendants from violating GBL Section 399-p(3)(a)

49.     Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## CLASS ALLEGATIONS

50.     Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, one or more Class Robocalls (the "Federal Class"), during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

51.     Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, one or more Class Robocalls on a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

52.     Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Bank has sustained damages arising out of Defendants' unlawful conduct.

53.     Bank will fairly and adequately protect the interests of each Class. Bank has no

interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

55. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

    (i) whether Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, telephone calls using an artificial or prerecorded voice that delivered a message to residential or cellular telephone lines;

    (ii) whether Defendants violated Section 227(b)(1) of the TCPA;

    (iii) whether Defendants willfully or knowingly violated Section 227(b)(1) of the TCPA;

    (iv) whether the Members of the Federal Class are entitled to damages as a result of Defendants' violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

    (v) whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendants' violations of Section 227(b)(1) of the TCPA.

56. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

    (i) whether Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, telephone calls using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an

        operator;

(ii)     whether Defendants violated GBL Section 399-p(3)(a);

(iii)    whether the Members of the New York Class are entitled to damages as a result of Defendants' violations of GBL Section 399-p(3)(a);

(iv)    whether the Members of the New York Class are entitled to injunctive relief as a result of Defendants' violations of GBL Section 399-p(3)(a); and

(v)     whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendants' violations of GBL Section 399-p(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)     Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b)    Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendants knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(c)     Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1);

(d)    Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e)     Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(f)     An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court

deems just and proper.

Dated: April 14, 2016

                Respectfully submitted,

                 *s/ **Todd C. Bank***
                TODD C. BANK, ATTORNEY AT LAW, P.C.
                Todd C. Bank (TB-6825)
                119-40 Union Turnpike, Fourth Floor
                Kew Gardens, New York 11415
                (718) 520-7125

                *Counsel to Plaintiff*